**No. 56660.**—Tice & Lynch, Inc. *v.* United States, protest 179366–K (New York).

Opinion by RAO, J.  An examination of the official papers revealed that the protest was filed 63 days after liquidation.  In view of the provisions of section 514, Tariff Act of 1930, the protest was dismissed.

BEFORE THE THIRD DIVISION, MAY 13, 1952

**No. 56661.**—Russell-Miller Milling Co. and Helen M. Majo *v.* United States, protest 136922–K (Duluth).

Opinion by EKWALL, J.  It was stipulated that the merchandise represented by the item marked with the letter "A" on the invoice in entry No. 435, which was limited to the quantity referred to in the stipulation under the title "Regulations complied with as to the following weights," i. e., 46,506.32 bushels, is free of duty under Public Laws 211 and 272.  The claim for free entry was sustained to this extent.

**No. 56662.**—Alfred A. Mazer *v.* United States, protest 180475–K (New York).

Opinion by EKWALL, J.  In accordance with stipulation of counsel that the merchandise consists of live birds similar in all material respects to those the subject of *Alfred Mazer* v. *United States* (25 Cust. Ct. 67, C. D. 1265), the claim of the plaintiff was sustained.

**No. 56663.**—City of Paris Dry Goods Co. et al. *v.* United States, protests 153424–K, etc. (San Francisco).

Opinion by EKWALL, J.  It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currency involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732.  In view of this stipulation and following the cited decision it was held that the currency of the invoices should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.